878 F.2d 1443
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re The FIRESTONE TIRE & RUBBER COMPANY.
 Misc. No. 241.
 United States Court of Appeals, Federal Circuit.
 March 8, 1989.
 
 Before FRIEDMAN, BISSELL and ARCHER, Circuit Judges.
 ARCHER, Circuit Judge.
 
 ORDER
 
 1
 The Firestone Tire & Rubber Company (Firestone) petitions for writ of mandamus to direct the United States District Court for the Northern District of Ohio to vacate a December 27, 1988 order and a January 31, 1989 oral order.
 
 
 2
 This matter stems from a patent infringement suit brought by Goodyear Tire & Rubber Company (Goodyear) against Firestone on December 11, 1987.
 
 
 3
 On December 27, 1988, the district court ordered:
 
 
 4
 After having addressed numerous discovery motions and discovery-related disputes throughout the course of this litigation,* and particularly at the status conferences held in this matter, it has become obvious to the Court that an inordinately large percentage of the discovery disputes in this case are the result of the parties' refusal to make a good faith effort to cooperate in conducting discovery. At various points throughout this case, it has appeared to the Court that discovery has been used more as a means of creating a time-consuming burden for the other side than as a tool to obtain information to which the requesting party is legitimately entitled, and that this Court's orders in regard to those discovery disputes have been utilized to avoid discovery rather than to produce discovery. Accordingly, this Court hereby orders that no further motions for a protective order, or to compel discovery, shall be submitted to the Court in this matter prior to trial. The court orders that the procedure set forth below shall be followed at trial regarding items specifically and properly requested in discovery which have not been furnished to the party seeking them if the properly requested items are solely in possession of the party of which the discovery requests are made.
 
 
 5
 1. Documents and Other Information Necessary to Establish a Claim or Defense of the Party Which Requested the Materials During Discovery.
 
 
 6
 Upon a party's substantial showing to the Court that a document or item of information was specifically and properly requested in discovery but not produced, that there is reason to believe that such document or information exists, and that such document or information is necessary to establish a claim or defense of the party which requested it, the truth of the allegations which the party requesting those materials intended to prove by offering such materials into evidence shall be taken by the Court to be established for the purpose of trial.
 
 
 7
 2. Documents and Other Information Necessary to Establish a Claim or Defense of the Party Who Failed to Produce Such Materials in Response to a Specific Discovery Request.
 
 
 8
 Upon objection to the introduction of documentary or other evidence by the opposing party on the ground that such matrials were the subject of a specific and proper discovery request but not produced to the objecting party, the party which failed to provide timely the material requested in discovery shall be precluded from introducing such material into evidence to prove a claim or defense of that party at trial.
 
 
 9
 At an in-chambers status conference on January 31, 1989, Firestone states that the district court orally denied its request that a court reporter be present and directed that a reporter be excluded from subsequent status conferences. Here, on mandamus, Firestone requests that we direct the district court to vacate the December 27 discovery sanction order and the January 31 oral order.
 
 
 10
 Mandamus is to be reserved for exceptional circumstances. One seeking a writ carries the burden of showing that it has no other adequate means to attain the relief it desires and that its right to issuance of the writ is clear and indisputable. Allied Chemical Corp. v. Daiflom, Inc., 449 U.S. 33, 35 (1980).
 
 
 11
 We view the district court's December 27 order to be in the nature of a discovery sanction order issued pursuant to Fed.R.Civ.P. 37. Rule 37 discovery sanctions are discretionary. See 4A Moore's Federal Practice p 37.08 (1988). In Allied Chemical, the Supreme Court stated that "where a matter is committed to discretion, it cannot be said that a litigant's right to a particular result is 'clear and indisputable.' " Allied Chemical, 449 U.S. at 36. Further, Firestone can challenge the exercise of the district court's discretion through appeal after final judgment. That being so, it is difficult to say that Firestone has no other adequate means to attain the relief it desires. See Allied Chemical, 449 U.S. at 35.
 
 
 12
 With regard to the oral order excluding a reporter from status conferences, on February 8, 1989, the district court issued an order stating in part:
 
 
 13
 After review of the scheduling orders herein, the Court hereby notifies the parties that in view of the short time remaining before trial and the heavy workload of the Court no further regularly scheduled status conferences will be held.
 
 
 14
 In the event that the Court determine that any further status conferences of this matter have become necessary, the Court will schedule them.
 
 
 15
 In view of the cancellation of future status conferences, we deem the issue regarding the attendance of a reporter at such conferences to be moot.
 
 
 16
 Accordingly,
 
 IT IS ORDERED THAT:
 
 17
 Firestone's petition for writ of mandamus is denied.
 
 
 
 *
 The district court's docket sheet lists 385 docket entries from the inception of the case on December 11, 1987, through February 8, 1989. A review of the docket entries shows that nearly every entry relates to discovery matters